IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MICHAEL D. THOMAS,            :

    Plaintiff,                :

vs.                           :        CA 07-0034-KD-C

MICHAEL J. ASTRUE,            :
Commissioner of Social Security,
                                        :

    Defendant.

**REPORT AND RECOMMENDATION**

This cause is before the Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 54(d)(2)(D) of the Federal Rules of Civil Procedure on the petition for authorization of attorney's fees under the Social Security Act, 42 U.S.C. § 406(b) (Doc. 22). Upon consideration of all pertinent materials contained in the file, it is determined that petitioner should receive no further attorney fee pursuant to § 406(b).

**FINDINGS OF FACT**

1.    Byron A. Lassiter, Esquire, was hired by Michael D. Thomas on or about June 14, 2005, to represent him in connection with his claim for

supplemental security income benefits. (*See* Doc. 29, at 1) Approximately one month prior to the date the complaint was filed in this Court, that is, on December 18, 2006, Thomas executed a fee agreement wherein he agreed to the payment of an attorney's fee equaling twenty-five percent (25%) of all past-due benefits following a favorable decision. (*Compare* Doc. 22, Exhibit D, Fee Agreement, at ¶¶ 2-3 ("It is understood and agreed that the attorney's fee will be 25% of the combined gross back benefits from Social Security and Supplemental Security Income (SSI) resulting from a favorable award of the Secretary, prior to any reduction under Section 1127(a) of the Act. It is understood that Social Security past due benefits represent the total amount of money to which I and any auxiliary beneficiary or beneficiaries become entitled through the month before the month SSA effectuates a favorable administrative determination or decision on my Social Security claim and that SSI past-due benefits are the total amount of money from which I become eligible through the month SSA effectuates a favorable administrative determination or decision on my SSI claim.") *with* Doc. 1, Complaint (filed January 12, 2007))

      2.     Following remand proceedings (*see* Doc. 22 (judgment remanding the case to the Commissioner for further proceedings pursuant to

sentence four of 42 U.S.C. § 405(g)), the Commissioner determined that plaintiff was entitled to supplemental security income benefits commencing February, 2005. (*See* Doc. 29, Exhibit B)

3. The total amount of past-due benefits the Social Security Administration has determined Mr. Thomas to be entitled to receive is $13,797.42. (Doc. 22, Exhibit B) The Social Security Administration withheld twenty-five percent (25%) of that amount, that is, $3,449.35, for payment of attorney's fees. (*See id.* at 1 & 2 ("Under the fee agreement, your lawyer can charge you no more than $3,449.35 for his or her work on your Supplemental Security Income (SSI) claim. . . . We withheld money from your past-due benefits to pay your lawyer."))

4. Petitioner has submitted to this Court an itemized statement regarding the time spent before this Court pursuing Thomas' SSI claim. The total time delineated therein is six (6) hours. (Doc. 29, Exhibit A)

5. On or about February 19, 2008, petitioner received from the Social Security Administration for services rendered before the Administration an attorney's fee totaling $3,449.35, that is, 25% of the past-due benefits to which the Administration determined Thomas entitled under the Social Security Act. Because 25% of all of plaintiff's past-due SSI benefits have gone

to pay petitioner for services rendered before the Social Security Administration, petitioner requests in the instant fee petition that this Court award him attorney's fees for services rendered before the Court an amount totaling the EAJA fee award previously made, that is, $982.38 (*compare* Doc. 29, at 4-6 *with* Doc. 28 (EAJA judgment awarding fees totaling $982.38)).

## **CONCLUSIONS OF LAW**

1.	Section 206(b) of the Social Security Act, codified at 42 U.S.C. § 406(b), provides that a court which renders a favorable judgment to a Social Security claimant may award the claimant's attorney a reasonable fee for his representation of the claimant "not in excess of 25 percent of the total of past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits."[1] Section 406(b) thus "provides for contingent fees to be charged *to the client*, with the amount to be set by the district court subject to a statutory maximum." *Watford v. Heckler*, 765 F.2d

---

[1] "When a claimant receives a favorable administrative decision following a remand of a case by the district court to the [Commissioner], the district court may award attorney's fees pursuant to 42 U.S.C. § 406(b)(1)." *Rohrich v. Bowen*, 796 F.2d 1030, 1031 (8th Cir. 1986) (citation omitted).

1562, 1566 (11th Cir. 1985) (citation omitted).

      2.     The Supreme Court has held that "§ 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Gisbrecht v. Barnhart*, 535 U.S. 789, 808-809, 122 S.Ct. 1817, 1829, 152 L.Ed.2d 996 (2002); *see also id*. at 807, 122 S.Ct. at 1828. As noted in *Gisbrecht*, "Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits.[2] . . . Within the 25 percent boundary, as petitioners in this case acknowledge, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." This language from *Gisbrecht* is consistent with the Eleventh Circuit's observation in *Meyer v. Sullivan,* 958 F.2d 1029, 1035 n.12 (11th Cir. 1992) that "the total amount of attorney's fees that may be awarded under the SSA [] is limited to 25% of the past-due benefits awarded."*See also Gisbrecht*, 535 U.S. at 795, 122 S.Ct. at 1822 ("As part of its judgment, a court may allow 'a reasonable fee . . . not in

---

[2]     "The prescriptions set out in §§ 406(a) and (b) establish the exclusive regime for obtaining fees for successful representation of Social Security benefits claimants. Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense." *Gisbrecht,* 535 U.S. at 795-796, 122 S.Ct. at 1822 (citations omitted).

excess of 25 percent of the . . . past-due benefits' awarded to the claimant. § 406(b)(1)(A). The fee is payable 'out of, and not in addition to, the amount of [the] past-due benefits.' [] Because benefits amounts figuring in the fee calculation are limited to those past due, attorneys may not gain additional fees based on a claimant's continuing entitlement to benefits."); *Kopulos v. Barnhart*, 318 F.Supp.2d 657, 661 (N.D. Ill. 2004) ("The combination of § 406(a) and § 406(b) can never exceed 25% of the retroactive benefits."); *Rosser v. Chater*, 1999 WL 144106, *1 (E.D. Pa.) ("Under 42 U.S.C. § 406(b), the district court may award a maximum of twenty-five percent of a claimant's past due benefits to counsel as attorney's fees for services rendered before the court. Only the Social Security Administration (SSA) may award fees for services performed in administrative proceedings. . . . The total amount awarded by both the court and the SSA may not exceed the twenty-five percent cap."), *aff'd*, 205 F.3d 1329 (3rd Cir. 1999).

      3.     In addition, with respect to the interplay between attorney fees awarded under the Social Security Act and those awarded under the EAJA, the Supreme Court in *Gisbrecht* recognized how Congress harmonized the two statutes. "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of claimant's past-due Social Security

benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" *Gisbrecht, supra*, 535 U.S. at 796, 122 S.Ct. at 1822.

As the note following 28 U.S.C. § 2412 states:

> (b) Section 206(b) of the Social Security Act (42 U.S.C. 406(b)(1)) shall not prevent an award of fees and other expenses under section 2412(d) of title 28, United States Code. Section 206(b)(2) of the Social Security Act shall not apply with respect to any such award but only if, where the claimant's attorney receives fees for the same work under both section 206(b) of that Act and section 2412(d) of title 28, United States Code, the claimant's attorney refunds to the claimant the amount of the smaller fee.

28 U.S.C. § 2412 note (1982) as amended by Act of August 5, 1985, Pub.L.No. 99-80 § 3, 99 Stat. 183 (1985). When drafting the present language in the statute, the House Committee commented on the amendment:

> It is the Committee's intent that when fee awards are made in Social Security or SSI cases under the EAJA, and provision is also allowed under the Social Security Act for recovery of attorney fees of up to 25% of the claimant's benefits, that the EAJA award should be used as a set off to reduce the payment which the claimant would otherwise owe the attorney. Thus under the amendment an attorney for a Social Security or SSI claimant would be precluded from receiving both the EAJA and Social Security Act fees. Without this amendment, it was argued, "double dipping" was possible. Such double payments are inappropriate

7

> and deprive the plaintiff of the benefits intended by the EAJA. Because the Committee is aware of the important function served by counsel in these cases, the Committee permits the attorney to seek recovery under both authorizations. The attorney, however, may keep the larger fee, but must return the amount of the smaller fee to the claimant.
>
> H.R.Rep. No. 99-120, 1st Sess., 20 (1985), *reprinted in* 1985 U.S.C.C.A.N. 132, 148. Given the language of the note following the statute, and the legislative history, it is clear that judgments obtained under the EAJA shall be credited to the plaintiff in the event that § 406 payments are ordered. This ensures that the plaintiff himself, and not his attorney, receives the benefit of the EAJA award.

*Rosser, supra*, at *1-2. With respect to the note's reference to an award of attorney's fees for the "same work," the United States District Court for the Northern District of Illinois has held that "all EAJA awards granted for work performed on a claim must off-set the SSA fees awarded for work performed on the same claim." *Kopulos, supra*, 318 F.Supp.2d at 667.

> Petitioner argues that interpreting "same work" as "same claim" adversely affects the incentives for attorneys to take social security cases. . . . Although the Court acknowledges Petitioner's concerns, such a result is part of the risk knowingly undertaken by the attorney. Moreover, the Court is bound by the intent of Congress. Petitioner's concerns focus of the effect upon attorneys of defining "same work" as "same claim." These concerns, however, are misplaced because the intent of the EAJA focuses on benefiting claimants over attorneys.

*Id.* at 668.

4.  Given the statutory language in 42 U.S.C. § 406 limiting attorney's fees to 25% of the past-due benefits awarded and the uniquely peculiar facts in this case which establish that petitioner has been awarded as an attorney's fee for services performed before the Administration an amount totaling 25% of the past-due benefits awarded to plaintiff in this case,[3] this Court cannot accede to petitioner's request and award him for services rendered in this Court, pursuant to 42 U.S.C. §406(b), the previously-awarded EAJA amount of $982.38. While petitioner technically may be correct that "an award of $982.38 for 406(b) fees will not result in the Plaintiff paying more than 25% of his past-due benefits for attorney fees[]" since "EAJA [funds] are not derived from the past-due benefits of the Plaintiff," this argument loses sight both of the fact that petitioner, consistent with the contingent fee agreement he entered into with Thomas[4] and § 406, has already received attorney's fees totaling 25% of past-due benefits and the fact that the award of

---

[3] Normally, a petitioner will not receive an amount totaling 25% of past-due benefits for services rendered solely before the Social Security Administration. Instead, there is usually some portion of past-due benefits remaining from which a petitioner can seek authorization from the Court to charge his client for services performed in court and then refund to his client either that award or the smaller EAJA award. Unfortunately, from petitioner's standpoint, such is not the case here.

[4] Again, that agreement specifically limits attorney's fees to "25% of the combined gross back benefits from Social Security and Supplemental Security Income (SSI) resulting from a favorable award of the Secretary, prior to any reduction under Section 1127(a) of the Act." (Doc. 29, Exhibit C)

fees under the EAJA is meant to benefit a social security claimant over his attorney. *See Gisbrecht, supra,* 535 U.S. at 796, 122 S.Ct. at 1822 ("In many cases, . . . the Equal Access to Justice Act . . . effectively increases the portion of past-due benefits the successful Social Security claimant may pocket[.] . . . '[A]n EAJA award offsets an award under Section 406(b), so that the [amount of the total past-due benefits the claimant actually receives] will be increased by the EAJA award up to the point the claimant receives 100 percent of the past-due benefits.'"). Moreover, consistent with *Kopulos*, as well as the specific language of § 406 and the EAJA, the EAJA award of $982.38 for work performed on Thomas' SSI claim must be offset against the SSA fees awarded by the Social Security Administration for work performed on the same claim. That is, petitioner must refund to Thomas the smaller EAJA award made in this case totaling $982.38. *Gisbrecht*, 535 U.S. at 796, 122 S.Ct. at 1822 ("Fee awards may be made under both prescriptions, but the claimants attorney must 'refun[d] to the claimant the amount of the smaller fee.'").

## CONCLUSION

The Magistrate Judge recommends that the petition for authorization of attorney's fees in the amount of $982.38, pursuant to 42 U.S.C. § 406(b) (Doc. 29), be **DENIED** because petitioner has already received as an attorney's fee

for services rendered before the Social Security Administration an amount totaling 25% of all past-due benefits paid in this case and the combination of § 406(a) and § 406(b) can never exceed 25% of past-due benefits awarded. Petitioner must refund to Thomas the smaller EAJA award made in this case totaling $982.38.

    The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

    **DONE** this 17th day of July, 2008.

                                 s/WILLIAM E. CASSADY
                                 **UNITED STATES MAGISTRATE JUDGE**

### MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

l.      *Objection.*  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded).*  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

    S/WILLIAM E. CASSADY          
UNITED STATES MAGISTRATE JUDGE